**In re CHICAGO & N. W. RY. CO.**

**GALT v. CHICAGO & N. W. RY. CO.**

**No. 8801.**

United States Court of Appeals
Seventh Circuit.

June 24, 1949.

---

state Commerce Commission (referred to as the Commission) to act as a Protective Committee on behalf of common stockholders, and thereafter obtained leave of the District Court to intervene in a reorganization proceeding of the Chicago and North Western Railway Company under Sec. 77 of the Bankruptcy Act, 11 U.S. C.A. § 205. The Committee employed Robert E. Smith and the National Conference of Investors, who rendered numerous services in connection with the reorganization proceeding. The Committee thereafter filed certain petitions, pursuant to order of court, for allowances from the estate of the debtor for the services of its counsel and for reimbursement for expenses and services of other parties. We see no point in narrating the nature or extent of such services inasmuch as no question is raised but that they were of a compensable character.

The petitions for allowances were referred to the Commission, which conducted a hearing thereon at which all interested parties were heard or given an opportunity to be heard. The Commission, on March 4, 1944, entered its order approving "maximum limits of final allowances of compensation for services rendered and expenses incurred."

The debtor's trustee in the court below filed his objection to the allowances for compensation and expenses in the maximum amount approved by the Commission and urged that the court fix such allowances in a lesser amount than the maximum determined by the Commission. On January 3, 1945, the court entered the order appealed from, fixing the amount to be allowed the Committee in a sum considerably less than the maximum approved by the Commission. The court in its order appealed from recites among other things that "the maximum limits fixed by the Commission in its report * * * exceed reasonable compensation for the services rendered and expenses incurred in connection with the proceedings and plan," and that the claims should not "be allowed and paid in amounts equal to the maximum limits so fixed by the Commission." The order recites "That the Estate of the Debtor did

Harry N. Wyatt, and Edgar Bernhard, Chicago, Ill., E. C. Kohlsaat, Chicago, Ill. (D'Ancona, Pflaum, Wyatt & Riskind, Chicago, Ill., of counsel), for appellant.

Claude A. Roth, Chicago, Ill. (Lowell Hastings, Harry E. Smoot, Gottlieb, Schwartz & Friedman, Chicago, Ill., of counsel), for appellee.

Before MAJOR, Chief Judge, KERNER, Circuit Judge, and LINDLEY, District Judge.

MAJOR, Chief Judge.

Appellants (sometimes referred to as the Committee) were authorized by the Inter-

not benefit in amounts equal to the said maximum limits fixed by the Commission," and that such maximum limits "exceed reasonable compensation and expenses from the standpoint of benefits to the Debtor's Estate." The order further recites "That these proceedings have been before this Court since their inception on June 28, 1935, and the Court has held many hearings and considered many matters in connection therewith and on the basis of the entire record made before this Court and the Interstate Commerce Commission it would be unjust and inequitable to require payment of amount equal in each instance to the maximum limits fixed by the Commission * * *."

We have some difficulty in comprehending the contested issues as advanced by appellants. It appears to be their theory that the court below erroneously made its own appraisal of the extent and value of the services rendered by the Committee or, to state it another way, that the court in making such determination was limited solely to an examination of the record before the Commission. It is contended that the court erred in failing to find that there was substantial evidence before the Commission to sustain its findings as to the maximum limits allowable and, furthermore, that the court was without power and jurisdiction to allow less than the maximum determined by the Commission and that the court erred in failing to fix and direct the payment of allowances in the maximum amount so determined. It seems to us that this all simmers down to the inquiry as to whether the court had authority to fix allowances in amounts less than the maximum determined by the Commission. That this is the real issue is further shown by the concluding paragraph of appellants' brief, which urges "that this cause be remanded to the District Court with instructions to direct the payment of allowances to Appellants in the amount fixed by the Interstate Commerce Commission."

A disposition of the issues raised by appellants is dependent upon the construction and interpretation to be placed upon Sec. 77 sub. c (12) of the Railroad Reorganiza-tion Act, Title 11 U.S.C.A. § 205 sub. c (12). If it were not for the decision of the Supreme Court in Reconstruction Finance Corporation v. Bankers Trust Co., 318 U.S. 163, 63 S.Ct. 515, 87 L.Ed. 680, (which we will subsequently consider), we would immediately conclude that this section is so plain and unambiguous as to leave no room for construction or interpretation. In fact, the language which Congress has employed is of such clarity and certainty as to make the questions raised on this appeal appear frivolous. What could be less susceptible to doubt and uncertainty than "Within such maximum limits as are fixed by the Commission, the judge may make an allowance, to be paid out of the debtor's estate, for the actual and reasonable expenses"? The judge is not commanded to make an allowance but he "may" do so, and if he does, it must be for "actual and reasonable" expenses, and obviously the judge must make such determination. "Appeals from orders of the court fixing such allowances may be taken to the circuit court of appeals * * *." Again, the language is unmistakable that fixing such allowances is to be by order of the court and not the Commission. The language of the paragraph fixing the duty of the Commission is equally plain. It shall, after hearing, "fix the maximum allowances which may be allowed by the court." Thus the Commission "shall" fix the maximum allowances which "may" be allowed by the court, and if the court makes allowances it must be "within such maximum limits as are fixed by the Commission."

The Commission's function was not to make or fix an allowance. What it did in conformity with this statutory provision was to determine the maximum limits of final allowances. The matter was not referred to the Commission to determine the amount of the allowances or to make the allowances. The order of the Commission did not fix the amount of the allowance or make the allowance, and the statute did not contemplate that it should. The Commission is not authorized either to fix or make the amount of allowance, but that is a function reserved to the court without

qualification, except it must act "within such maximum limits as are fixed by the Commission."

We reaffirm what this court said concerning the provision under discussion in In re Chicago, M., St. P. & P. R. Co., 7 Cir., 121 F.2d 371, 374: "Our reading of the statute convinces us that Congress contemplated a plan (which it enacted) whereby the I. C. C., not the District Court, should fix the maximum allowances to attorneys, and within that allowance the court was to exercise its judgment. * * * To accomplish the result thus sought, the I. C. C. was empowered (and required) to fix the ceiling,—the maximum of fees and expenses for the various counsel representing the numerous claimants. The court was ultimately to determine the amount of the fees, but its action was limited by the maximum fixed by the Commission."

The Committee, in support of its contention that the court erred in making its own appraisal of the extent of the services rendered and expenses incurred by it and was without power to reduce the maximum limits fixed by the Commission cites and relies upon a number of cases, including Kessler v. Strecker, 307 U.S. 22, 34, 59 S.Ct. 694, 83 L.Ed. 1082; Shields v. Utah Idaho Central Railroad Company, 305 U.S. 177, 185, 59 S.Ct. 160, 83 L.Ed. 111, and Interstate Commerce Commission v. Union Pacific Railroad Co., 222 U.S. 541, 547, 32 S.Ct. 108, 56 L.Ed. 308. These cases and many others which could be cited are to the point that a finding of fact by an administrative agency must be accepted by a reviewing court if substantially supported by the proof and, of course, that determination must be made from the record as it comes from such agency. Typical of such cases generally, and particularly those involving the Interstate Commerce Commission, is the Shields case, supra, wherein the court 305 U.S. on page 185, 59 S.Ct. on page 165, 83 L.Ed. 111, stated: "The sole remaining question would be whether the Commission in arriving at its determination departed from the applicable rules of law and whether its finding had a basis in substantial evidence or was arbitrary and capricious. That question must be deter-

mined upon the evidence produced before the Commission."

Or, in the Kessler case, supra, where the court had under consideration a finding by the administrative agency in a deportation proceeding, the court 307 U.S. on page 34, 59 S.Ct. on page 700, 83 L.Ed. 111, stated: "The proceeding for deportation is administrative. If the hearing was fair, if there was evidence to support the finding of the Secretary, and if no error of law was committed, the ruling of the Department must stand and cannot be corrected in judicial proceedings."

We are unable to perceive how such cases are relevant to the question before us. It is generally and perhaps universally the case that administrative agencies, after hearing, are empowered to make findings and render their decisions thereon, which is a final determination and conclusive on the parties unless and until such decision is, upon court review, modified, vacated or set aside. Such a court review is usually provided for, and the reviewing court is bound by such findings if substantially supported.

Here we have a statutory provision unlike that found in any administrative act with which we are familiar. It is true that the matter of allowances for fees and expenses must be referred to the Commission which is charged with the responsibility of conducting a hearing solely for the purpose of fixing the maximum amount which may be allowed. The finding in this respect, however, is not conclusive upon the parties as to the amount which the debtor must pay or the amount to which the claimant is entitled. That question is left for determination by the court. True, the determination of the maximum amount by the Commission is an administrative function, but it is equally true, so we think, that the determination of the reasonableness of the amount to be allowed and paid is a judicial function. It must be kept in mind that in the instant matter no attack is made upon the maximum allowance made by the Commission. Its finding in that respect is not in issue. In that situation, the statute neither provides for nor contemplates judicial review of the proceedings before the Commission. On the record be-

fore us, the only effect to be ascribed to the action of the Commission in determining maximum allowances was to place a limitation upon the power of the court to the extent that the reasonableness of the fees and expenses determinable by the court must be "within such maximum limits." Acting within this limitation, the court was as free to fix the reasonable fees and expenses to be allowed as though no reference to the Commission had been required. And in our view, the court in making such decision had a right to call to its aid, as it did, not only the record before the Commission but the hearing of oral testimony if it so desired, as well as the knowledge which it had acquired over many years during which the reorganization proceeding had been pending before it. The court is empowered with a judicial discretion, unhampered by any limitation other than that it must be exercised "within such maximum limits" as fixed by the Commission.

This brings us to the much controverted case of Reconstruction Finance Corporation v. Bankers Trust Co., 318 U.S. 163, 63 S.Ct. 515, 87 L.Ed. 680, so strongly relied upon by appellants and which no doubt supports their contention if the language of the opinion be accepted literally and without regard to the issue with which the court was dealing. Concerning Sec. 77(c) (12), the court 318 U.S. on page 169, 63 S.Ct. on page 518, 87 L.Ed. 680, stated: "We think the Congress did not intend to deny the courts all power of review of Commission action in such cases. The statute plainly requires reference to the Commission of claims of the class under consideration, a hearing by that body, the setting of a maximum and action by the court on the footing of the Commission's report. It does not contemplate a hearing de novo on the issue of the reasonable worth of the services rendered or the propriety of the expenses incurred, or a reappraisal by the court of the facts."

The words "such cases" in the first sentence of this quotation undoubtedly refer to the character of cases then before the court and the statement which follows must be considered and treated in that light.

Without entering a detailed discussion of the somewhat complicated situation there before the court, the point presently material is that the claims for services and expenses were in an amount in excess of the maximum allowance determined by the Commission. In other words, the issue before the court involved the validity of the Commission's determination of the maximum allowance which the court might fix. Under such a situation, the Supreme Court held that a hearing de novo was not in order—in other words, that the finding of the Commission as to a maximum allowance was, like any other finding of an administrative agency, binding upon the court if supported by substantial evidence. That this was the intendment of the statement which we have quoted is further shown by the court's statement 318 U.S. at page 170, 63 S.Ct. on page 519, 87 L.Ed. 680, "Our conclusion is that the function committed by the law to the Commission is the ordinary one reposed in a fact finding body and that its findings, supported by evidence, may not be disturbed by a court." The "function" referred to, of course, is that of determining a maximum allowance which, as we have noted, was the action of the Commission there under attack. On the same page the court continues: "With respect to the amount set as a maximum the only question of law which can arise is whether there is substantial evidence to support the Commission's finding. If there is not the court may so hold, set aside the finding and return the matter to the Commission."

It thus seems clear that the court was only concerned with the method of review of the maximum allowance determined by the Commission when such determination was under attack in a court or its propriety put in issue.

■ As noted, the record in the instant case presents no such issue. The relief sought by the Committee was the allowance of its claims within the maximum allowance determined by the Commission. The court did not reject the finding of the Commission as to allowances, it accepted such determination. It fixed the amount of the "actual and reasonable expenses" consistent

with and not contrary to the determination of the Commission. The only effect which the Commission's action had upon the authority of the court was to place a limitation upon the amount which the court could allow and above which it could not go. Within such limitation the court was free to exercise its independent judgment.

The order appealed from is

Affirmed.